LAND IMPROVEMENT & SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28773. Promulgated January 31, 1930.

A. G. *Wallerstedt*, C. P. A., and W. W. *Booth*, Esq., for the petitioner.

Bruce A. *Low*, Esq., for the respondent.

965

OPINION.

MURDOCK: The respondent's principal contention seems to be that, if the amount of depreciation claimed for the taxable years is added to the amount which he has already allowed for the years 1920 and 1921, the total will exceed the cost of the assets in question. It is apparent, however, that the fault is not with the allowances for the years which are before us, but rather with the amount allowed for the year 1920, for which year the Commissioner allowed substantially as much as he did for other years, despite the fact that the petitioner's plant was only operated during one-half of that year and only removed about one-half of the tonnage which it removed in other years.

The petitioner contends that the amount which it deducted for each of the years 1922 and 1923 was not in excess of a reasonable allowance for the exhaustion, wear and tear of its property used in its business. We agree with this contention. An allowance for depreciation must, in most cases, be a mere estimate. The petitioner in the years before us did not know all the facts which we now know, but in lieu thereof it had to make estimates on which to base claim for the deductions in question. The method pursued by it arrived at reasonable allowances for depreciation in the light of the information then available. That pursued by the Commissioner did not. Under the circumstances, we approve the former.

*Judgment will be entered under Rule 50.*